[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 28, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-16010
Non-Argument Calendar

_____

BIA No. A96-173-483

FABIO MARTINEZ-CASTANO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 28, 2008)

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Petitioner Fabio Martinez-Castano, through counsel, seeks review of the

Board of Immigration Appeals' ("BIA") decision to affirm without opinion the immigration judge's ("IJ") removal order and denial of his applications for asylum and withholding of removal under the INA.[1] Martinez-Castano argues that he was persecuted based upon his political opinion. Martinez-Castano also argues that wealthy doctors are a particular social group and he was targeted based on his membership in that group.

## I. Political Opinion

With regard to Martinez-Castano's political activity, "[w]e review subject matter jurisdiction *de novo*." *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003). We lack jurisdiction to consider claims raised in a petition for review when the petitioner has not exhausted his administrative remedies with respect to those claims. *See* 8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). In order to exhaust all administrative remedies, an alien must raise his claims before the agency. *See id.* A purpose of exhaustion is to ensure that the agency compiles "a record which is adequate for judicial review." *Id.* (quotation omitted).

---

[1] Although the IJ and the BIA denied relief under Article 3 of the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment, 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16, Martinez-Castano does not raise the issue in his petition or brief to this court. Thus, he abandoned that claim. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

Martinez-Castano did not raise with the IJ his asylum and withholding-of-removal claims based on his political opinion. Thus, we conclude he did not exhaust his administrative remedies. Accordingly, we lack jurisdiction to consider his claims based on his political opinion, and we dismiss the petition as to this claim.

## II.    Wealthy Doctors

"When the BIA summarily affirms the IJ's decision without an opinion, the IJ's decision becomes the final removal order subject to review." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230 (11th Cir. 2005). We, therefore, review the IJ's decision as if it was the decision of the BIA. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).

When evaluating a petition to review a decision by the BIA dismissing an application for asylum and withholding of removal, we review findings of fact under the "substantial evidence test," and must affirm the decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) (quotation omitted). Under the highly deferential substantial evidence test, we consider "only whether there is substantial evidence for the findings made by the [IJ], *not* whether there is substantial evidence for some *other* finding that could have been, but was not, made." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1029 (11th

3

Cir. 2004) (quotation omitted). We review the record evidence in the light most favorable to the agency's decision and may not overturn findings of fact unless the record compels it. *Forgue*, 401 F.3d at 1287.

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General or Secretary of DHS has discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. *Al Najjar*, 257 F.3d at 1284. To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); *Al Najjar*, 257 F.3d at 1287. There must be a nexus between the persecution and the protected activity, *i.e.*, the persecution must be because of the victim's protected characteristic. *Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d

4

884, 890 (11th Cir. 2007)

To demonstrate the connection, the petitioner must present specific, detailed facts that show a good reason to fear that because of a statutory factor he will be singled out for persecution, or that he is a member of or is identified with a group that is subjected to a pattern of persecution. *Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1174 (11th Cir. 2008) (citing 8 C.F.R. § 208.13(b)(2)(iii)); *Al Najjar*, 257 F.3d at 1287. An asylum applicant may not show merely that he is a member of a particular social group, but must show that he was persecuted because of his membership in that social group. *INS v. Elias-Zacarias*, 502 U.S. 478, 483, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992). "[E]vidence that either is consistent with acts of private violence . . . or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1258 (11th Cir. 2006).

The statutes governing withholding of removal protect not only against persecution by government forces, but also against persecution by non-governmental groups that the government cannot control. *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 437 (11th Cir. 2004). When a petitioner fails to "establish a claim of asylum on the merits, he necessarily fails to establish eligibility for withholding of removal." *Forgue*, 401 F.3d at 1288 n.4.

5

Whether wealthy doctors are a particular social group is immaterial because there was substantial evidence to support the IJ's finding that Martinez-Castano was not targeted because he was a wealthy doctor. Thus, Martinez-Castano cannot establish he was eligible for asylum. Since Martinez-Castano was not eligible for asylum, he was not eligible for withholding of removal. Accordingly, we deny this part of the petition for review.

## III. Conclusion

After reviewing the record and reading the parties' briefs, we dismiss the petition in part and deny the petition in part.

**PETITION DISMISSED IN PART, DENIED IN PART.**